06-CV-05431-CMP

# ORIGINAL

FILED
RECEIVED
JUL 25 2006
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Juan & Lynn Barela, Pro Se'
1087 Lewis River Rd. No. 214
Woodland WA 98674
360-225-0777

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT TACOMA

NO: C06 5431 RJB

| | |
|---|---|
| JUAN BARELA ) | |
| Falsely Arrested and Cover-Cited ) | |
| LYNN BARELA ) | **COMPLAINT FOR DAMAGES** |
| Party of Interest ) | **AND DECLARATORY RELIEF** |
| Plaintiff(s), ) | |
| Vs. ) | CIVIL RIGHTS VIOLATIONS |
| **CITY OF WOODLAND (MAYOR)** ) | FALSE ARREST |
| For Municipal Liability, Collectively ) | ABUSE OF PROCESS |
| **WOODLAND POLICE CHIEF** ) | CONSPIRACY |
| In Official Capacity, Collectively ) | RECKLESS NEGLIGENCE |
| For Supervisory Negligence ) | WRONGFUL LITIGATION |
| **OFFICER JEANNE C CANEPA** ) | LIBEL AND SLANDER PER SE' |
| In Official and Individual Capacity ) | MISFEASANCE |
| For False Arrest ) | MALFEASANCE |
| **PROSECUTOR SUSAN I BAUER** ) | OBSTRUCTION OF JUSTICE |
| In Official and Individual Capacity ) | |
| For Obstruction of Justice ) | Hutto v. Finney, 437 US 678, 689 (1978) |
| **PROSECUTOR THOMAS LADOUCEUR** ) | |
| In Official and Individual Capacity ) | 42 U.S.C.A §§ 1983; § 1985; § 1986 |
| For Obstruction of Justice ) | 2 ALR 3d 861 and 38 ALR 4th 998 |
| **ATTORNEY ANNE M. CRUSER** ) | 73 ALR 3d 1019, and 93 ALR 3d 109 |
| In Official and Individual Capacity ) | 74 AM JUR 2d, Torts §§ 6, §§ 8-11, |
| Neglect to Duty ) | §§ 12-14,§§ 30-37 and RCW 4.08.040 |
| Individually and Collectively ) | |
| Defendants ) | TRIAL BY JURY |

## JURISDICTION

Defendants as municipality-state actors under color of state law, in their official and individual capacity engaged willful "cause in fact" conduct of joint actions with a pattern indifference and a present reckless, invidious disregard to plaintiffs' *Fourth Amendment & Fourteenth Amendment* constitutional rights as a violation of federal law. Thereby the Federal-Instant Question arises to Subject Matter Jurisdiction. *28 U. S.C. A. § 1333*

*Saucier v. Katz, 533 U.S. 194, 121 Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001)*

*Dennis v. Sparks, 449 U S 24, 27-29 (1980);*

*Kimes v Stone, 84 F.3d 1126 (9th Cir.1996)*

*42 US C § 1983* and *1981, § 1871; 564, 2d 100(2),104 (1)*

*42 US C § 1986 ; 42 U.S.C. Sec. 1981 el seq. 4.92. 120 ; 1993c 449 §3, 1967c 164 §4*

*28 US C §§ 2201, 2202*: clarify, vindicate, forestall, and end government misconduct

Equal Protection Present Disparity verses *Fed. Civ. R. 12 (b)(6)*

Protected Class Rights: Hispanic In Loco Parentis *Wash. App. Div 1 2000*

11th Amendment Bar: *Warnock v Pecos County (1996 CA5 Tex) 88 F3d 341.*

U.S. Supreme Court of Appeals Affirmed: Title 41 U.S.C.§ 1983 Provides:

*"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at lawsuit in equity, or other proper proceeding for redress."*

2/15: COMPLAINT ABUSE OF PROCESS AND CIVIL RIGHTS

## VENUE

Plaintiffs and Defendants are residents/employed in Cowlitz County, Washington State.

Personal Jurisdiction: *28 U. S. C. A. § 1391 (a) (1), § 1391 (b) (1) (2)*

**Plaintiffs' Juan Barela and Lynn Barela :**
1087 Lewis River Road No. 214, Woodland Washington 98674
**Defendants'**
Actors of Cowlitz County, Washington
Personal Service at their residence OR places of their business:

DEFENDANTS' ADDRESS:

**City of Woodland Mayor Doug Monge** [Hutto v. Finney, 437 US 678, 689 (1978)]
**Behalf of: (ousted by voters) ex-Mayor James Graham**
City Hall Annex
230 Davidson Ave
Woodland, 98674
360-225-8281

**Woodland Police Dept.**
**Police Chief Rob Stephenson on behalf of:** [Hutto v. Finney, 437 US 678, 689 (1978)]
*Fired Officer Jeanne C Canepa*
*Former Police Chief Grover Laseke*
100 Davidson Ave.
Woodland, WA 98674
360-225-6965

**Prosecutor Susan I Bauer**
Hall of Justice
312 S W 1ST Street Rm 233
Kelso, WA. 98626
360-577-3080  Fax: 414-9121

3/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

**Prosecutor Thomas Ladouceur**
100 E 13th St. #113
Vancouver, WA. 98660
360-694-4857

**Indigent Defense Attorney Anne M. Cruser**
Woodland Municipal Court at Hall of Justice at Kelso, WA.
PO Box 1670
Kalama, WA 98625
360-673-4941 Fax : 673-4942

## TOLLING DATELINES

| | |
|---|---|
| <u>Incident Date:</u> | August 28, 2003 |
| <u>Three Year Washington Statute Limitation Date:</u> | **August 28, 2006** |
| <u>Governing Judicial Prohibition Latest Date:</u> | **Nov. 20, 2006** |
| <u>Pre-Filing Claim Notice by Certified Mail Date:</u> | Jan. 14-19, 2005 |

Pursuant: *45 A. L. R. 5th 109; RC W 4.96.010(2); RC W 4.96.020(4) and .041*

## STATUTE OF LIMITATION

Statue of Limitation runs under federal rules for personal injury. *Felder v. Casey,* *487 U.S.131(1998), [42 US C § 1983 & 1986] 42 U.S.C. Sec. 1981 el seq.4.92.120 ; 1993c 449§3,1967c164§4. 1993c449§ 1: R C W 4.96.010c449 §15 8*

4/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

## INTRODUCTION

Aug. 28, 2003 on the directive of his Anglo wife Lynn, Plaintiff Juan Barela with one granddaughter was sitting in Pearson Medical Clinic waiting room, where he had entrusted care of another granddaughter to a medical evaluation. Without *indicia of reliability* the family physician elected to ask an unattended minor if she had been sexually abused, without corpus delicti solely based on symptoms of a urinary infection. With a "state-of-mind, this physician's wife-medical assistant told plaintiff Juan Barela's granddaughter,"You probably don't know it, but if you hang around Mexicans' people will think you a tramp".

*RC W 7.70.030(1) ,Fed Civ. R.20(b); Civ. R.42 (b)* to Cause No. **C 05-5785-RBL**

This medical negligence with its breech of trust and of duty, and its` Respondeat Superior call to authorities resulted in grandfather/in loco parentis Juan Barela handcuffed and placed in police car in full view of the public, as a suspect to child abuse stated over public ban, taken to jail, and later cover cited for "Obstructing an Officer".

*Griffin v. West RS Inc., 18 P3d 558, 143 Wash.2d 81*

It took prolonged court hearings to get a "dismissal".

<u>Thereafter `unfounded` claims were removed against all parties</u>

## GENERAL ALLEGATIONS

There lives an *invidious* pattern of indifference to constitutional rights of Hispanics` under the fourth and fourteenth amendments by the City of Woodland's employee-legal actors.

This Tort Claim Cause of Action in general terms arises on a concurrence violation of duty to act or refrain from acting, imposed by positive law. Defendant(s) are held vicariously *libelous per se* ` for acts under color of state law. Plaintiff Juan's Constitutional Rights were violated by city actors §1983 *"shocked the conscious"* conducts. Official *misfeasance*, and *malfeasance* within the scope of duty and employment, which in the light of *all* the circumstances fail reasonable grounds of conduct, thereby arises joint and several liability.

5/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

*Malfeasance*: "A wrongful conduct that affects, interrupts or interferes, with the performance of official duty, and/or the doing of an unlawful act"

*Misfeasance*: "The improper performance of an act that one might do lawfully"

*Invidious*: "Unacceptable, unfair, and likely to arouse resentment or anger"

Defendants as liable for acts performed in individual capacity, is not privity with himself in his official capacity, as a matter of constitutional general law are not insulated from liability. **Juan Barela arrested as child molester suspect, cover-cited for "obstructing an Officer".** During due process, Plaintiff Juan was given <u>bench directive</u> twice by **Judge Putka** to <u>not</u> obstruct (engage defense discovery until investigation concluded), thereby a tolling provision.

11-20-03, the false obstruction charge was dismissed for "no probable cause".

Thereafter, requested discovery was refused, the portion that was handed over went undisclosed by blackening out concealment of the majority of the police notes of the incident.

05/26/04, DSHS-CPS gave conclusive notice that standing allegations as *"suspect"* in the matter of child molestation had been *"unfounded"*, and that the *"investigation as concluded"*. Discovery completed by investigation coincided to Dept. of Family Services, Plaintiffs' received on 07-14-04. *Piotrowski v. City of Houston, 237 F.3d 567 (5th Cir. 2001)*.

## I. DETERMINATIVE FACTORS TO CAUSE OF ACTION

**1.1** <u>City of Woodland</u>: Municipal Liability for collateral negligence in training. Re liability for superior oversight of equal protection to the alleged, present disparity.

1.a  Libel as governmental employer of defendants acting within the scope of city employment and their authority of official capacity. The city's executive personnel held a duty to protect and serve the community which includes this plaintiff. *Wash. App. Div. 1 1992* 28 US C § 1331(1); *Monell v. N.Y. City Dept. Of Social Servs., 436 U.S.658 (1978)*

1.b  Plaintiffs' plead wavier of governmental immunity by purchase of insurance

1.c  Plaintiffs' plead severability: *7.43.90 Severability -1988 c 141§18*

6/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

**1.2 Police Officer Jeanne Canepa:** Concurrent Negligence and Misfeasance Abuse of Authority, effected False Arrest, re superior acquiescence issued cover charge.

2.a Defendant Canepa in her official capacity responded to event at Pearson Medical Clinic initiated by Dr Ellis Johnson. At incident sight Canepa,'s independent judgement elected to oppose Plaintiff's **First Amendment Right** to speak, and his **Fifth Amendment** right to not answer, and Juan Barela's 1-party consent statute right *(based on track record for reliability, or difficulties inherent to enhance credibility)* to tape record a legal consequence interaction. Defendant Canepa fails "discretionary act test", of "good faith"conduct, acted clearly unreasonable, with an invidious abuse of process, enacted severe sanction of arrest during a legitimate dispute of no great consequence, handcuffed and took plaintiff to jail. *Oberstaller v Richey 591 P 2d 407, 39 Or App 129; Klien v. Zavaras, 80F.3d 432 (10th Cir. 1996)*

2.b Excess Force: There existed no cause to handcuff and place under arrest plaintiff, Juan Barela who <u>without</u> hostility, exercising his 1st and 5th Amendment rights, expressed normal shock with news, and normal concern about isolation of granddaughters as alleged victims, and reasonable concern with Q&A by an officer of the law.

2.c False Swearing with Conspiracy to Issue a Citation of False Charge Police Report: *"Barela was willfully hindering an investigation of sexual abuse"* *"Because I could not get Barela to co-operate with the investigation, nor would he permit access to his granddaughters for interviews".*

2.d <u>Defendant Officer Canepa's statements are untrue.</u> Plaintiff' sensible use of amendment rights did not prevent (hinder) defendant officer from performance of duty, as such elements met investigation as commenced by others incorporating Canepa's official report. Did not permit access to is not valid, as the granddaughters had already been taken out of reach of plaintiff Barela, and all Officer Canepa had to do was go to them direct.

7/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

Exiting to the clinic parking lot plaintiff Juan still carried yellow note pad and tape recorder, a work project while waiting for his grand kids medical visit, were in plain sight.

Plaintiff Juan now elected to use the tape recorder for this alarming situation, told this officer it was now being turned on. A verbal back and forth about the legality of a single consent right to record took place. Significant that Officer Canepa did *not* argue being recorded, *did* argue citizen right to. *Devepect v. Alfaedo Dec 15, 2004.*

This brief exchange took just a few minutes, when abruptly Officer Canepa says, "Okey you're under arrest!" "Turn around and put your hands behind your back". Plaintiff Juan responded, **"okey, can you tell why, probable cause?"** Officer Canepa says, *"yes, the probable cause is a allegation from the physician's office, that there's been sexual abuse against your grandchildren digital rape and you are a suspect"*.

The plaintiff alleges a **false arrest** which is supported by defendant officers' defense that her superior directed with reckless negligence to cite for obstructing an officer!

2.e    The cuffs *distressed* plaintiff's physical conditions causing pain to his hand, wrist and back. After being handcuffed, and put inside police unit, Plaintiff Juan asked for help to get his tape recorder turned off, surprisingly defendant Officer says, "actually lets leave it on", so it exists as documentation of facts prior to and during transport.

2.f    Prior to arrest Officer Canepa, per Incident Report Affidavit, did not ask Plaintiff Juan any investigative questions, nor was Miranda read at time of arrest. A reasonable person would have investigated further BEFORE instituting a criminal action.

2.g    Conspiracy to cover wrongful arrest/imprisonment with cover charge of "obstruction" Officer Canepa stated, "I know you didn't do it or anything wrong." "I know that you are a good man, but I have to do what I am told. I'm under supervision and probation. I was told to write this citation this way, so I have to read you your Miranda Rights, and give it (citation) to you, because I am going to release you." Defendant Canepa

8/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

then opened the cell door, read plaintiff his Miranda rights, invidiously handed Juan a wrongful citation with cover charge "obstructing an Officer". Thereafter defendant officer contacted plaintiff Lynn for ID, and Q&A. *Devenpeck et al v.Alford*, reversed and remanded

**Plaintiffs Present in re as a matter of law:** Wash .App. Div. 1 2000.

West's RC WA 26.44.50: *Rodriguez v. Perez, 994 O 2d 874, 99 Wash. App. 439, review denied 10 P.3d 1073 141 Wash. 2d 1020* provides for plaintiffs' special relationship:

"Both children who are suspected of being abused and their parents comprise a protected class under the statute requiring a law enforcement agency or Department of Social and Health Services (DSHS) to investigate possible occurrences of child abuse or neglect, and thus, <u>they may bring action</u> for negligent investigation under that statute; by <u>specifically including</u> parents, custodians, and guardians of children within the class of persons who are foreseeable harmed by a negligent investigation into allegations of child abuse, the <u>Legislature</u> has recognized a duty to the parent *(plaintiffs as in loco parentis)* as well as the child in conducting child abuse investigations."

2.h  Defendant officer <u>cannot</u> stand shielded of constitutionally deficit conduct to arrest, when the scrutiny test cover charge also fails, and entire matter is ruled unfounded. <u>Defendant Canepa took an active part in wrongful civil proceedings against Plaintiff Barela.</u> *(Second) of Torts § 674 at 452 (1977)*. Plaintiff Juan Barela pleads " Intrusions for Seclusion"

**1.3**  **<u>Cowlitz County Prosecutor Susan Bauer</u>:** The Moving Force

Actionable Reckless Negligence to/in a "police function"

3.a  Conspiracy by knowingly directing a field officer to a False Charge, thereby creating a policy/custom, of *acquiescence* to unconstitutional police misconduct false arrest by ranked official Superior, acts in individual capacity under color of state law. *City of St Louis v. Praprotnik, 485 U.S. 112, 127, 108 S. Ct. 915 L. Ed. 2d 107 (1988) (plurality opinion)*

9/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

3.c  To Plaintiff Juan Barela objection to being cover cited to obstructing, when he had been falsely arrested and wrongfully jailed. Defendant Police Officer Canepa said "*I have to do as told.*", "*I have to write the citation the way she* (Prosecutor Susan Bauer) *told me*".

**Covert act constitutionally not permissible.**

Defendant Bauer, took an active part in wrongful civil proceedings against Plaintiff Barela. *(Second) of Torts § 674 at 452 (1977), Wash. App. Div. 1 1989 Peterson v. Littlejohn, 781 P.2d 1329, 56 Wash. App 1. 9 OP. Atty Gen (1938-40) 131*, a superior (prosecutor) is liable for acts of (arresting officer) done in police function/official-capacity .

*Wash. App. Div.3 1999 Wash. App. Div.3 2000*

**1.4** **City of Woodland Police Chief**: Collateral Negligence, *Acts of Omission* Negligence with duty to adequately train, instruct, and re liability for superior oversight of its police officer employees.

Under *Hutto v. Finney, 437 US 678, 689 (1978)* attaches to title of supervisor, the office of incumbent.

4.a.  The Chief of Police was positioned to know defendant officer Canepa did not follow accepted police procedures and/or practices. That defendant Canepa prior to this incident matter of tortuous conduct, on other occasion(s) mishandled investigation, documented in a 2004 and 2005 Reflector News Article (s).

4.b  The city supervisors as defendant superior held a duty to protect and serve the community, which includes this plaintiff. *9 OP. Atty Gen (1938-40) 131*, a superior (chief of police) is liable for acts of (arresting officer) done in official capacity .

*Wash .App. Div.3 1999 [Wash. App. Div.3 2000]*

**1.5** **Defense Attorney Anne Mowry Cruser**: Negligence and misfeasance
For Neglect to Duty, Bad-Faith-Conduct and Disregard of Duty

10/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

5.a. Cause No. 6002338 W D PC N *"Obstructing an Officer"*.

City of Woodland contractual indigent defense counsel Ann M Cruser wrote a well articulated *letter* of defense on behalf of plaintiff Juan Barela. *This letter* was reviewed with client Barela. Oddly Client Barela was refused its reading and a copy of same *letter*.

5.b. Attorney Ann did a well-articulated oral presentation of this *letter* given to the Prosecutor Ladouceur to present for dismissal, in open court, <u>that</u> there was no bases in law to the charge against Juan Barela of obstructing an officer. Thereafter **Judge Putka** *acquiescence* to Prosecutor Ladouceur creative lawyering. The City of Woodland official actors with their pattern of indifference to individual rights with this plaintiff, without reasonable cause, *invidiously* <u>continued</u> procedures to prosecute Juan Barela.

5.c. Plaintiff Barela held "qualified privilege" as defendant to the subject matter, on which <u>Prosecutor was going foreword</u>, *therefore* asked defendant attorney for a copy of said *letter*. Defendant-attorney in a *disregard* of best interest of client, and with *bad faith conduct* refused, unreasonably claiming right by law to not provide a copy of this communication.

*Southern Ice Co. V. Black, 136 Tenn. 391, 189 S. W. 861,863, Ann Cas.1917E, 695*

5.d **Judge Putka** having heard defense of no lawful bases to charge, with an *acquiescence* to prosecution's continued litigation, *invidiously* delivered an *unwarranted harsh public rebuke with warning* to Plaintiff Juan, that he was to avoid any appearance of obstructing and specifically investigation in the matter of his granddaughters to his defense.

5.e <u>At this point</u>, indigent defense counsel defendant Ann Cruser, with *disregard to duty* made a change, *invidiously* joined this abuse of process and its deep seated structural bias, *did acquiescence* to political controls being exhibited by the prosecutor and the judge.

5.f. Defendant-attorney had been informed 10-06-03 of plaintiffs' "balance test" concern with misfeasance abuse of process history.

11/15: COMPLAINT ABUSE OF PROCESS AND CIVIL VIOLATED RIGHTS

5.g. Defendant Attorney Cruser is libel for *conducts of negligence* with the judge, and prosecutor, that caused *distress*, deprive plaintiff Barela of his constitutional right to impartial defense, free of niches of maltreatment by ones own defense attorney. Plaintiff Juan Barela *avers* that as a member of the bar, his counsel had a profound duty to engage full equity protection of his defense.

5.h Defendant Attorney Cruser with an individual capacity failed to present her client's best interest, caused *distress* by joining in besmirching her client, maligning that her client was guilty of " practicing law", and that plaintiff Barela had challenged her conducts as incorrect, therein clouded the defense, *thereby* joined the prosecution to the determent of her proscribed duty! <u>Defendant Cruser took an active part in wrongful civil proceedings against Plaintiff Barela.</u> *(Second) of Torts § 674 at 452 (1977)*

5.i Plaintiff Lynn Barela was present during interactions with Defendant Ann Cruser, and was present at the court room conducts.

**1.6** <u>**Municipal Prosecutor Thomas Ladouceur**</u>**:** To Fairly Hold Accountable
For Conducts of Misfeasance and Negligence Per Se` and Malfeasance
For Obstruction of Justice by Abuse of Due Process and Wrongful Litigation

6.a Defense Attorney Cruser *presented*, Plaintiff Barelas rightful due of <u>immediate dismissal</u>, *that* was set aside (delayed) by Prosecutor Ladouceur. **Fact**, after receiving indication of law that charges could not be sustained defendant city official was not objectively reasonable in official capacity, and **by** individual capacity *invidiously* wilfully elected continuing prosecution *knowingly without probable cause*.

Bad Faith Prosecution: *Cornett v. Longois, 871 F. Supp. 918*

6.b Defendant Prosecutor as defendant superior, *with* a willful breach of a legal duty, pursued prosecution *knowingly* without material fact, subjected plaintiff to distresses of continuing `proceedings.

12/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

Prosecutor Ladouceur by custom, practices (known by specific cases) support of Woodland police officer's misconduct to false citing of Hispanics, which includes this present false charge of obstruction. In the role of Prosecutor, discretion is bound by constitutional constraints, Defendant Ladouceur took an active part in wrongful civil-proceedings against Plaintiff Barela. *(Second) of Torts § 674 at 452 (1977)*

    6. c  T*herein* places defendant prosecutor's powers of creative lawyering, subjective intent being in the best interest of the children, as not on point, that a jury can infer an improper purpose from lack of probable cause, as oppressive, malicious litigation.

    6.d.  Absolute prosecutorial immunity holds a constitutional remedy under Fourth Amendment applicable to states Fourteenth Amendment. *U.S.C.A. Const. Amends, 4,5, and 14.* A willful act in the use of process not proper in the regular conduct of the proceeding:

*Larsen v. Credit Bureau, 279 Or 405, 408 568 P 2d 657 (1977);*

Prosser on Torts § 121 *Clausen v Carstens 83 Or Ap 112, 118-119, 730 P2d 604 (1986),*

actual arrest *Reynolds v Given 72 Or App 248, 256, 695 P2d 946 (1985)*

Present: The establishment of a duty owed Plaintiffs' Barela should not be more difficult when state municipal actors are the defendants'.

## I. CLAIM FOR DAMAGES

Harms by Defamation both Oral and Written

Black Marks: State Actors Reports, Orals in Open Court

Children Services: State Computer(s) Data Base(s)

Harms to reputation and character standing, and chilling effect on equity standing

Emotional Distress of Plaintiff(s) Patriarch Juan, of wife Lynn:

Alarm, Humiliations, Surprise with Distrust of assigned defense counsel, Fear with Anxiety towards covert conducts, and unfair dealings by every defendant official actor!.

Physical Distress of Plaintiff Juan, of Plaintiff Lynn and of Plaintiffs' in-house family Aggravation of pain management for permanent disabilities, refused Juan access during incarceration to heart-stress medication, during transport to jail ,swelling with pain to Juan's right wrist and hand, his upper back and neck, and high blood pressure effects to his eye.

Barela Family, *all five* during entire official time-lines aligned to court procedures experienced sleep disturbance, headaches, upset stomach, and depressions with anxiety.

## CLAIM FOR DECLARATORY RELIEF

These Cowlitz County Defendants as Police Officers, as Prosecutors, as Attorneys, and as City Officials own a history of recurrence conducts, in need of this court's vindication of Plaintiff's position, <u>so</u> that these state actors of they're free-will forego protected rights violations under the Federal Declaratory Judgement Act deterrence

<u>Tactical choice to sue at all has been considered with slow-care by Plaintiff's</u>. The equal protection component of the Federal Constitution's Fifth Amendment came to rest on these state actors liable conducts witnessed with *other* parties, and conducts to *other* civil positions of plaintiffs`, prima facie evidence that <u>deterrence is a vital vested right in remedy</u>. *Supra,§§ 120-122.* Statute demands' notice given so that redress may take place without a court trial. This was done per individual defendant. The sole response came from defendant Mayor for the City of Woodland, stating he could NOT discuss his citizen's problem and issue, as his directive from the City-Attorney prohibited his speaking to the Barela's as plaintiff's directly. Plaintiffs` Present: No intent to harm their city system(s). That every city actor held an individual ability to conduct the duties of office properly and lawfully. That the conduct of malfeasances and misfeasances were decisive conducts conspired without any warrant, where *proper* official acts and *proper* authority lived inherent.

Thereby and therefore, lives "a tendency to evil" as against the public good, and to which lives Plaintiff's call to this court for a <u>Declaratory Relief Right of Remedy</u>!

14/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS

## II. CLAIM FOR DAMAGES

WHEREFORE, Plaintiff(s) prays for relief against defendants`, and each of them:

I. For Plaintiff's First Claim For Relief: Against Defendants collectively for Economic damages in excess of $1,439.00 for Plaintiff's as compensatory damages of reasonable cost reimbursement and disbursements incurred herein.

II. For Plaintiff's Second Claim For Relief: Civil Sanctions Non-economic-damages in excess $350,000.00.
To be determined by jury at time of trial alleging Defendants in their official and individual capacity, and collective capacities.

III.. For Plaintiff's Third Claim For Relief: Applicable Court Fees and Attorney Fees Trial Work: *Equal Access to Justice Act: 28 U.S.C. § 2412 (d)(1)(B)(Supp.1985)*

IV. And for any other relief as seemed just by this court.

DATED: This ___21st___ Day of August, 2006.

_____
Pro Se Litigant-Plaintiff  Juan Barela

_____
Pro Se Litigant-Plaintiff  Lynn Barela

15/15: COMPLAINT ABUSE OF PROCESS AND VIOLATED CIVIL RIGHTS