# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

JUAN BARELA, et al.,

                Plaintiffs,

v.

CITY OF WOODLAND, et al.,

                Defendant.

**Case No.** C06-5431 JKA

**ORDER GRANTING DEFENDANT BAUER'S MOTION FOR SUMMARY JUDGMENT**

This motion comes before the court on Motion of Defendant Susan I. Bauer for Summary Judgment (Doc.40). Plaintiffs have addressed the motion in Plaintiff's Answer to Six-Defendants' Motion for Summary Judgement (Doc.45). Defendant Bauer has filed a reply (Doc.46). Plaintiffs appear pro se. Defendant appears through counsel. The court has reviewed the aforementioned documents and attached materials, as well as the files and records herein.

## DISCUSSION

According to the Joint Status Report submitted by the parties, plaintiffs allege their "right to be free from Conspiracies'[Indiviously] discriminatory actions" and other civil rights under 42 U.S.C. 1983 and 1985. A review of the complaint as it relates to defendant Bauer alleges a violation of plaintiffs' fourth amendment right to be free from illegal search and seizure. Plaintiffs allege that he took his granddaughters to the Pearson Medical Clinic for treatment of a urinary infection in the twelve-year old granddaughter. He asserts that he was arrested and charged with *obstructing* the investigation of possible sexual abuse of a child. With regard to defendant Bauer, plaintiffs claim she advised Woodland Police Officer, Jeanne Canepa (also a defendant in this action) with regard to charging plaintiff Juan Barela with *obstructing*.

ORDER
Page - 1

Defendant alleges that a test of the granddaughter's urine was grossly positive for bacteria, and that the granddaughter told the examining physician that "Rigo," who lived with the family, had placed his finger in her vagina and rectum. Defendant further alleges that upon receipt of the report Officer Canepa was dispatched to the clinic where plaintiff Juan Barela instructed both granddaughters not to speak to Officer Canepa and physically *obstructed* Officer Canepa from entering the exam room where the sisters were physically located. According to Canepa's report she refused to allow plaintiff Juan Barela to record her interview of the girls, and that his refusal to abide her demand amounted to "hindering" the investigation of the reported rape of the granddaughter by "Rigo." Defendant claims that *after* plaintiff Juan Barela was arrested Officer Canepa contacted Cowlitz County Prosecuting Attorney, Susan Bauer, to discuss the sexual abuse allegation by "Rigo" and that defendant Bauer did not advise or direct Officer Canepa to take any action regarding plaintiff Juan Barela. Plaintiffs submit an audio tape purportedly recording a conversation between Canepa and Bauer during which plaintiff claims Bauer speaks to Canepa both before and after the arrest. Assuming authenticity, the tape further supports plaintiff's position that Canepa refused to continue the investigation if Barela taped it. The tape also supports plaintiffs' position that when he asked Canepa about probable cause for his arrest she told him he was a suspect in the child molestation investigation (with no mention of obstructing the investigation). Canepa, in her sworn affidavit, states that although the examining physician advised her that plaintiff Barela was a suspect, Canepa considered "Rigo" to be the suspect. She did, however, tell plaintiff Juan Barela he was considered a suspect in the sexual abuse investigation when he asked her what "probable cause" she had to arrest him. Considered in a light most favorable to the plaintiff, at the most there is a disputed question of fact as to whether or not plaintiff Juan Barela was considered a suspect in the sex abuse investigation, and whether or not he actually "obstructed" the investigation. The only real factual dispute with regard to the issue of probable cause to charge the plaintiff with "obstruction" is one of degree. It is undisputed that defendant Bauer was not at the scene, and that the source of whatever information she received justifying any action or advice she gave Canepa regarding the "obstruction" charge came from Canepa and supported probable cause for *obstruction*.

## **CONCLUSION**

Bauer's motion is based on the doctrine of qualified immunity. The Supreme Court has discussed and thoroughly reviewed the application of the doctrine in *Saucier v. Katz*, 533 U.S. 194 (2001). In her

Prosecuting Attorney role defendant Bauer is entitled to qualified immunity unless plaintiff can establish that taken in a light most favorable to plaintiff, prosecutor Bauer's conduct violated a constitutional right. If the plaintiff meets that burden, he must next establish that the constitutional right violated was known to Bauer. Although a close reading of the complaint and all of plaintiffs' pleadings suggest he is relying on a number of constitutional rights, the only one of which is supported by any interpretation of the facts is his fourth amendment right to be free from an unlawful search or seizure. Certainly that is a right known to prosecutors. Given the information that defendant Bauer had at the time she discussed the "obstruction" charge with Canepa, whether before or after the arrest, there is no question but that she could assume probable cause as to a charge of "obstruction." That is so, despite plaintiff Juan Barela's allegation that he was charged with "obstruction" as a "cover" for the sexual abuse investigation.

**Defendant Bauer's Motion for Summary Judgment of dismissal based on the doctrine of Qualified Immunity is granted**.

Dated this 11th day of June 2007.

/s/ J. Kelley Arnold
J. Kelley Arnold, U.S. Magistrate Judge