**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

JUAN BARELA, et al.,

                Plaintiffs,

v.

CITY OF WOODLAND, et al.,

                Defendants.

**Case No.** C06-5431 JKA

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS:
   CITY OF WOODLAND,
   CANEPA,
   LACOUCEUR, and
   CRUSER

This matter comes before the Court on Motion for Summary Judgment by defendants City of Woodland, Woodland Police Chief, Officer Jeanne C. Canepa, Prosecutor Thomas Ladouceur, and Attorney Anne M. Cruser. Plaintiffs appear pro se. Defendant s appear through counsel. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

## DISCUSSION

According to the Joint Status Report submitted by the parties, plaintiffs allege their "right to be free from Conspiracies [Invidiously] discriminatory actions" and other civil rights pursuant to 42 U.S.C 1983 and 1985. The claims of plaintiff, Lynn Barela, appear to be derivative of Juan Barela's claims.

This matter arises out of the arrest of plaintiff, Juan Barela, for *obstructing* a sexual abuse investigation generated by a medical clinic where plaintiff had taken his 12 year old granddaughter for a vaginal exam. Suspecting sexual abuse, the examining physician called the Woodland Police Department. The child had indicated improper touching by one "Rigo." Defendant, Officer Jeanne Canepa, was sent to the clinic to investigate. Officer Canepa claims that plaintiff, Juan Barela, stood in the doorway obstructing her entrance into the child's exam room where she intended to speak with the child. She further alleges that plaintiff insisted on recording her interview of his granddaughter, and that she considered this obstruction as well. There is no dispute that plaintiff insisted on recording the interview

and/or instructed the girls not to speak to the officer. There is a dispute regarding Canepa's claims that Barela physically attempted to obstruct her entrance into the exam room. It is undisputed that plaintiff, Juan Barela, was arrested, cuffed, and placed in a police vehicle. Barela was charged with obstruction by defendant Thomas Ladouceur, Woodland City Prosecutor. Plaintiff made "Rigo" available to be interviewed. Plaintiff received court appointed counsel in the person of defendant Anne Cruser. The obstruction charges were ultimately dismissed. The City did not file any criminal charges of sexual abuse.

**1. City of Woodland**. It is clearly established law that under 42 U.S.C. 1983, a municipality is not liable for damages under the theory of respondeat superior, i.e. injury inflicted by its employees or agents. A municipality can only be held liable when injuries result as a result of official city policies which are unconstitutional. *Monnell v. Department of Social Services*, 436 U.S. 68 (1978). There is no evidence before the court to support an argument that the acts of defendants Canepa, Ladouceur, and Cruser were done in execution of an unconstitutional city policy. Plaintiffs' "conspiracy" insinuations are nothing more, and are not supported by any evidence to support a claim against the city. Plaintiffs obliquely include the Woodland Mayor and Chief of Police in their complaint, making no individual specific allegations against either of them.

**2. Officer Jeanne Canepa.** There is a factual dispute regarding the extent to which, if any, Juan Barela physically obstructed the interview of his granddaughters. There is no dispute that he instructed the girls not to speak to officer Canepa and/or alternatively insisted on recording the interview. Viewed in a light most favorable to plaintiffs, there is insufficient evidence to allow this matter to go forward with regard to Officer Canepa. Under no view of the matter could she be said to have been deliberately indifferent to the constitutional rights of Juan Barela. The tape recording offered by plaintiffs show consideration by the police to plaintiffs complaints regarding his cuffing, and the sufficiency of probable cause is not negated by the argument over the degree of *obstruction* posed by plaintiff. Defendant Canepa is protected from plaintiffs' claims under the doctrine of qualified immunity.

**3. Prosecuting Attorney Thomas Ladouceur.** As noted at the outset, the thrust of plaintiffs' claims seem to be premised on a "conspiracy theory". This theme is repetitive in Plaintiffs Answer to Six-Defendants' Motion for Summary Judgment and Memorandum in Opposition With Pro-Offer Exhibit-D (Doc #45). The record is, however, very sparse with regard to any specific acts by Thomas Ladouceur other than to suggest that by allowing the obstruction charge to occur he somehow conspired with others to

violate plaintiff Juan Barela's constitutional rights.  Plaintiff even suggests that by receiving a written request from his attorney, Anne Cruser, that the charges be dismissed, and acting in accordance with that request Ladouceur somehow conspired against the plaintiffs.  Not only is there no evidence to support such a theory it is counter-intuititve.  Prosecuting Attorney's have absolute immunity in order that they may perform their function without unnecessary interference.  The Ninth Circuit has addressed this issue in the matter of *Milstein v. Cooley*, 257 F.3d 1004 where the court stated:

> ". . . absolute immunity for prosecutors is warranted (1) to allow prosecutors to focus their energies on prosecuting, rather than defending lawsuits, (2) to enable prosecutors to exercise independent judgment in deciding which suits to bring and conducting them in court, (3) to preserve the criminal justice system's function of determining guilt or innocence by ensuring the triers of fact are not denied relevant (although sometimes conflicting) evidence because of prosecutors' fear of suit, and (4) to ensure fairness to defendants by enabling judges to make rulings in their favor without the subconscious knowledge that Such rulings could subject the prosecutor to liability."

Absolute immunity clearly applies to defendant Ladouceur in this matter.

**4.  Defense Attorney Anne Cruser.**  Plaintiffs have named Juan Barela's court appointed counsel as a defendant and co-conspirator in violating his constitutional rights.  The unrefuted evidence is that defendant Anne Cruser (1) reviewed the obstruction charge with plaintiff Juan Barela, (2) orally requested that Prosecuting Attorney Thomas Ladouceur dismiss the charges, and (3) followed up with a letter to Ladouceur requesting the charges be dismissed.  The further unrefuted evidence is that the charges were dismissed following Ladouceurs review of Cruser's letter.  The veiled references to Cruser's lack of aggressiveness in the courtroom and her failure to furnish her client a copy of the letter to Ladouceur hardly rise to the level of actionable conduct.  Juan Barela was guaranteed a Sixth Amendment right to effective assistance of counsel as confirmed by *Strickland v. Washington*, 466 U.S. 668 (1984).  Not only did the plaintiff receive "effective assistance" an objective review of the record before this court demonstrates plaintiff received "highly effective assistance" from Anne Cruser. The court would further note that in order to pursue a 1983 claim against the defendant there must be allegations that he/she was acting under color of state law.  No such argument exists with regard to defense counsel.

## CONCLUSION

**Defendants' Motion for Summary Judgment (Doc #35) is hereby granted**.

Dated this 11th day of June 2008

**/s/ J. Kelley Arnold**
J. Kelley Arnold, U.S. Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER
Page - 4