1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

10

JUAN BARELA, et al.,

11                          Plaintiffs,                    CASE NO. C06-5431BHS

12          v.

13    CITY OF WOODLAND, et al.,                             ORDER

14                          Defendants.

15

16          This matter comes before the Court on Plaintiff Juan Barela's ("Barela") pro se

motion to stay judgment (Dkt. 90), motion for attorney's fees (Dkt. 91), and motion to

17

vacate (Dkt. 101). The Court has reviewed the briefs filed in support of and in opposition

18

to the motions and the remainder of the file and hereby strikes the pro se motion to stay

19

judgment (Dkt. 90), grants in part and denies in part the motion for attorney's fees (Dkt.

20

91), and denies the motion to vacate (Dkt. 101) for the reasons stated herein.

21

**I. PROCEDURAL HISTORY**

22

          On July 25, 2006, Barela filed a pro se complaint against Defendants Thomas A.

23

LaDouceur, Anne M. Cruser, City of Woodland, Woodland Police Chief, Jeanne C.

24

Canepa, and Susan I. Bauer alleging violations of his civil rights under 42 U.S.C. § 1983.

25

Dkt 1.  On June 11, 2007, the Honorable J. Kelley Arnold, United States Magistrate

26

Judge, granted Defendants' motions for summary judgment.  Dkts. 49 & 50.

27

28

ORDER – 1

1  On July 18, 2007, a Notice of Appeal was filed.  Dkt. 53.  On October 24, 2008,

2  the Ninth Circuit Court of Appeals entered an order appointing pro bono counsel to

3  represent Barela.  Dkt. 61.

4  On September 22, 2009, the Ninth Circuit affirmed in part, reversed in part, and

5  remanded for further proceedings.  Dkt. 66.  The court stated that "[e]ach party shall bear

6  its own costs on appeal." *Id*. at 5.

7  On September 28, 2010, Mr. Roger J. Sharp appeared on behalf of Barela.  Dkt.

8  75.

9  On February 14, 2011, Mr. Sharp filed an offer of judgment (Dkt. 86) as well as an

10  acceptance of the offer (Dkt. 87).  The offer of judgment included a provision regarding

11  costs and attorney's fees, which reads as follows: "plus statutorily authorized costs . . .

12  and reasonable attorney's fees recoverable under 42 U.S.C. § 1988, as may be determined

13  by the Court . . . ."  Dkt. 86 at 2.

14  On March 9, 2011, the Clerk entered judgment.  Dkt. 89.

15  On March 14, 2011, Barela filed a pro se motion to stay the offer of judgment.

16  Dkt. 90.  On March 28, 2011, Defendant Canepa responded.  Dkt. 92.

17  On March 23, 2011, Mr. Sharp, on behalf of Barela, filed a motion for attorney's

18  fees.  Dkt. 91.  On April 4, 2011, Canepa responded.  Dkt. 94.  On April 8, 2011, Barela

19  replied.  Dkt. 96.

20  On May 6, 2011, Mr. Sharp filed a declaration stating that Barela seeks to

21  withdraw his pro se motion because Mr. Sharp is willing to file a motion to vacate the

22  acceptance of the offer of judgment on behalf of Barela.  Dkt. 100, ¶ 6.

23  On May 7, 2011, Mr. Sharp, on behalf of Barela, filed a motion to vacate.  Dkt.

24  101.  On may 23, 2011, Canepa responded.  Dkt. 101.  On May 25, 2011, Barela replied.

25  Dkt. 103.

26  ## II.  FACTUAL BACKGROUND

27  Although the facts alleged in the complaint are mostly irrelevant to the

28  consideration of the instant motions, Judge Arnold summarized the allegations as follows:

ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

        This matter arises out of the arrest of plaintiff, Juan Barela, for obstructing a sexual abuse investigation generated by a medical clinic where plaintiff had taken his 12 year old granddaughter for a vaginal exam. Suspecting sexual abuse, the examining physician called the Woodland Police Department. The child had indicated improper touching by one "Rigo." Defendant, Officer Jeanne Canepa, was sent to the clinic to investigate. Officer Canepa claims that plaintiff, Juan Barela, stood in the doorway obstructing her entrance into the child's exam room where she intended to speak with the child. She further alleges that plaintiff insisted on recording her interview of his granddaughter, and that she considered this obstruction as well. There is no dispute that plaintiff insisted on recording the interview and/or instructed the girls not to speak to the officer. There is a dispute regarding Canepa's claims that Barela physically attempted to obstruct her entrance into the exam room. It is undisputed that plaintiff, Juan Barela, was arrested, cuffed, and placed in a police vehicle. Barela was charged with obstruction by defendant Thomas Ladouceur, Woodland City Prosecutor. Plaintiff made "Rigo" available to be interviewed. Plaintiff received court appointed counsel in the person of defendant Anne Cruser. The obstruction charges were ultimately dismissed. The City did not file any criminal charges of sexual abuse.

Dkt. 50 at 1-2.

12

## III.  DISCUSSION

13

### A.    Barela's Pro Se Motion

14

Canepa argues that the pro se motion should be stricken because Barela is

15

represented by counsel and, pursuant to Local General Rule 2(g)(1), is not permitted to

16

appear on his own behalf.  Dkt. 92 at 4.  Mr. Sharp, the attorney who has appeared on

17

Barela's behalf, has represented to the Court that Barela withdraws his pro se motion.

18

Dkt. 100, ¶ 6.  For either reason, the Court finds it unnecessary to address the merits of

19

Barela's motion and it is therefore stricken.

20

### B.    Motion to Vacate

21

Barela seeks relief from the judgment in this matter pursuant to Federal Rule of

22

Civil Procedure 60, which provides as follows:

23

        On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

24

        (1) mistake, inadvertence, surprise, or excusable neglect;

25

        (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

26

        (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

27

        (4) the judgment is void;

28

1

2

3

    (5) the judgment has been satisfied, released or discharged; it is
based on an earlier judgment that has been reversed or vacated; or applying
it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  "The rule attempts to strike a proper balance between the conflicting

4

5

principles that litigation must be brought to an end and that justice should be done." *Delay*

6

*v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting 11 Charles Alan Wright, Arthur

7

R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2851 (2d ed.1995)).

8

   First, Barela argues that the Court should vacate the judgment pursuant to Rule

9

60(b)(1) because of a mistake as to the language of the offer of judgment.  Dkt. 101 at 5.

10

Barela asserts that he understood that his "acceptance would permit [him] to request

11

attorney's fees for [his] successful appeal." *Id*. at 5-6.  Nothing in the offer prevents

12

Barela from "requesting" attorney's fees for his appeal.  The offer of judgment specifically

13

provides that he may recover "reasonable attorney's fees recoverable under 42 U.S.C. §

14

1988, as may be determined by the Court" (Dkt. 86 at 2), and Barela filed a motion

15

requesting that the Court find Canepa liable for both appellate level and trial level

16

attorney's fees.  Dkt. 91.  Therefore, Barela's argument is without merit.

17

   Next, Barela argues that the Court should vacate the judgment pursuant to Rule

18

60(b)(6) because the parties' disagreement as to the issue of attorney's fees on appeal

19

justifies relief from the judgment.  Dkt. 101 at 5-6.  Rule 60(b)(6) is to be "used sparingly

20

as an equitable remedy to prevent manifest injustice" and should "be utilized only where

21

extraordinary circumstances prevented a party from taking timely action to prevent or

22

correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d

23

1047, 1049 (9th Cir. 1993).  A party seeking to re-open a case under Rule 60(b)(6) "must

24

demonstrate both injury and circumstances beyond his control that prevented him from

25

proceeding with the prosecution or defense of the action in a proper fashion." *Delay*, 475

26

F.3d at 1044.  Barela has failed to submit facts that support the finding of manifest

27

injustice, extraordinary circumstances, or injury and circumstances beyond his control.

28

Therefore, Barela's argument is without merit.

ORDER – 4

1   Finally, Barela argues that the Court should vacate the judgment pursuant to Rule

2   60(b)(3) because of misrepresentation and/or misconduct by Canepa.  Dkt. 101 at 6-7.

3   Barela again asserts that he would not have accepted the offer of judgment if he thought it

4   would have limited his ability to seek attorney's fees for his appeal.  *Id.*  Barela, however,

5   has filed his motion for attorney's fees and presented his arguments that he should be

6   awarded fees on appeal.  There is an absence of facts that show that his ability to request

7   certain fees has been impaired, and, even if the language of the offer somehow limits his

8   ability to request fees, he has failed to submit facts that support either misrepresentation or

9   misconduct on behalf of Canepa or Canepa's attorney.  Therefore, Barela's final argument

10   is without merit, and the Court denies his motion to vacate the judgment.

11   **C.   Motion for Attorney's Fees**

12   In any action to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow

13   the prevailing party, other than the United States, a reasonable attorney's fee as part of the

14   costs . . . ."  42 U.S.C. § 1988(b).  A prevailing party must "succeed on any significant

15   issue in litigation which achieves some of the benefit the parties sought in bringing suit."

16   *Texas Slale Teachers Ass'n v. Garland lndep. Sch. Dist.*, 489 U.S. 782, 792 (1989);

17   *Herrington v. Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989).

18   In this case, there is no dispute whether Barela is the prevailing party or whether

19   Barela is entitled to attorney's fees and costs for proceedings at the District Court level.

20   Therefore, the Court grants Barela's motion as to attorney's fees and costs for proceedings

21   at the District Court level.

22   The parties, however, dispute whether the Court may award Barela attorney's fees

23   for his successful appeal.  Canepa first argues that, pursuant to Ninth Circuit Rule 39-1.6,

24   Barela was required to file his motion for attorney's fees within 14 days after the Ninth

25   Circuit's disposition of his appeal.  Dkt. 94 at 5-6.  The Court finds two flaws with this

26   argument: (1) the rule contains the qualification "Absent a statutory provision to the

27   contrary . . .," and (2) the rule covers a request for "attorney's fees."  *See* Ninth Circuit

28   Rule 39-1.6.  Barela is requesting his fees pursuant to 42 U.S.C. § 1988, a statutory

ORDER – 5

1    provision contrary to the Ninth Circuit's rule, and the Court may award the attorney's fees

2    as "costs." Therefore, Canepa's argument of a procedural bar is without merit.

3        Next, Canepa argues that the Ninth Circuit has already ruled on this issue because it

4    stated that "[e]ach party shall bear its own costs on appeal." Dkt. 66 at 5. The Court

5    agrees with Canepa for three reasons: (1) the Ninth Circuit appointed pro bono counsel

6    (Dkt. 61); (2) the Ninth Circuit is well aware that attorney's fees under 42 U.S.C. § 1988

7    are considered "costs"; and, most importantly, (3) the Ninth Circuit's decisions are binding

8    on this Court. Therefore, the Court finds that the issue has already been decided by the

9    Ninth Circuit and each party must bear its own "costs" on appeal, including attorney's fees

10   under 42 U.S.C. § 1988.

11       Barela asserts two arguments in support of the proposition that the Ninth Circuit

12   has not ruled on this issue. First, Barela argues that the "phrase 'each party shall bear its

13   own costs on appeal' is routinely used in cases in which Section 1988 has no conceivable

14   application." Dkt. 96 at 4. The Court fails to see how this has any impact on the present

15   situation in which the Ninth Circuit stated that Barela shall bear his own costs on appeal.

16   Therefore, Barela's argument is without merit.

17       Second, Barela argues that, in *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th

18   Cir. 2008), the Ninth Circuit awarded fees under 42 U.S.C. § 1988 for a previous appeal

19   after stating in the previous appeal that "each party shall bear its own costs on appeal."

20   Dkt. 96 at 5. The implicit award of fees for a previous appeal in no way creates a rule of

21   law that would permit this Court to circumvent the Ninth Circuit's previous decision in

22   this case. Moreover, it is unclear whether the non-prevailing party ever objected to the

23   award of fees for the previous appeal. Therefore, Barela's argument is without merit.

24                                **IV.  ORDER**

25       Therefore, it is hereby **ORDERED** that Barela's pro se motion to stay judgment

26   (Dkt. 90) is **STRICKEN**, Barela's motion for attorney's fee (Dkt. 91) is **GRANTED in**

27

28

ORDER – 6

**part** and **DENIED in part** as stated herein, and Barela's motion to vacate (Dkt. 101) is

**DENIED**.

DATED this 3rd day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 7